IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO.  09-64850 |
| LPN HEALTH CARE FACILITY, INC., | CHAPTER 11 |
| Debtor-In-Possession. | JUDGE CALDWELL |

**MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR THE ENTRY OF ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL ON AN INTERIM BASIS, (II) AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND (III) GRANTING ADEQUATE PROTECTION WITH RESPECT THERETO**

The above-captioned Debtor and Debtor-in-Possession ("Debtor"), hereby moves the Court for the entry of the Order pursuant to 11 U.S.C. §§361, 362, 363, 507(b) and Federal Rule of Bankruptcy Procedure 2002, 4001, and 9014 and Local Bankruptcy Rule 4001-2 (I) authorizing the use of cash collateral on an interim basis, (II) authorizing continued use of cash collateral, and (III) granting adequate protection with respect thereto upon the following terms and conditions:

1. The Debtor requests authority to use cash collateral for the following purposes:

    a. The payment of adequate protection payments to Peoples Bank, N.A. ("Peoples") and Ohio Department of Jobs and Family Services ("ODJFS") or any other secured creditor in this Chapter 11 case; and

    b. The payment of normal ordinary course post-petition operating expenses of the business of the Debtor; and

    c. The payment of any pre-petition obligation of the Debtor or any non-ordinary course of business obligation that may be approved by the Bankruptcy Court after proper

3521078v1

   notice and opportunity for a hearing as prescribed by 11 U.S.C. §364, Federal Rules of Bankruptcy Procedure 4001, 2002 or 9013, Local Bankruptcy Rule 4001-3 or 9013-1 or any other applicable code, section or Rule; and

  d. Any fees or expenses of the Debtor's professionals as authorized by the Court.

2. Debtor requests that the Court order that the following terms and provisions shall constitute adequate protection to Peoples and to ODJFS:

  a. The security interests of Peoples (and ODJFS) are re-granted and will extend to all post-petition assets, including accounts receivable and proceeds, in the same priority and with the same force and effect as its pre-petition security interest attached to the Debtor's accounts receivable and proceeds or other assets, including any and all assets acquired by the Debtor post-petition up to the amount of the Obligation owed. No UCC filings or other means of perfection need be made by Peoples or ODJFS with respect to the re-granted security interest in order to provide to Peoples and ODJFS a good, valid and duly perfected lien thereon.

  b. The Debtor shall pay monthly payments of $34,271.11 to Peoples beginning January 22, 2010 and continuing monthly thereafter until the provisions of the Order authorizing this Motion are terminated. The Debtor shall pay the sum of $111,596.92 to ODJFS by January 12, 2010 for the current bed tax payment. The Debtor shall pay all future post petition bed taxes to ODJFS as they come due until the provisions of the Order authorizing this Motion are terminated.

  c. The application of the adequate protection payments is an issue that will be reserved for further agreement between the parties and/or order of the court.

    d. The Debtor shall provide Peoples and ODJFS with a copy of all financial reports provided to the U.S. Trustee, the Bankruptcy Court or any other creditor or party in interest.

    e. If the Debtor elects to file any adversary proceeding to dispute the validity, extent or priority of Peoples' or ODJFS' liens or to avoid any liens of Peoples or ODJFS pursuant to 11 USC § 547 and/or § 548 or any other Code section, the adversary proceeding or other court action must be filed within one hundred eighty (180) days of the date of the entry of the Order approving this Motion.

    f. Any objection to the proof of claim of Peoples or ODJFS pursuant to 11 USC § 502, Federal Rule of Bankruptcy Procedure 3007 or Local Bankruptcy Rule 3007-1 must be filed by the Debtor within ninety (90) days of the date the Peoples or ODJFS proof of claim is filed in this Chapter 11 case.

3. The provisions of the Order authorizing this Motion shall terminate one hundred eighty (180) days from the date of its entry by the Court. The provisions of the Order may be extended by agreement of the parties and approval by the Court after proper notice to creditors and parties in interest.

4. The obligations of the parties under the Order may be terminated (but only as to the period following entry of an order approving any such termination) earlier than the 180-day period upon any of the following events ("the Events of Default"):

    a. The Debtor fails to make the installment payments to Peoples or ODJFS set forth in this Motion within twenty (20) days of the due date; or

    b. The Debtor uses cash collateral for expenditures not approved by the Order granting this Motion or otherwise approved by an order of the Court; or

3521078v1

    c. The Debtor fails to provide Peoples or ODJFS with the financial information identified in this Motion; or

    d. An order is entered by the Bankruptcy Court appointing a Chapter 11 trustee under Section 1104 of the Bankruptcy Code; or

    e. An order is entered by the Bankruptcy Court converting the Debtor's Chapter 11 case to a Chapter 7 case; or

    f. Upon entry of an order by the Bankruptcy Court upon good cause shown; provided, however, that the relief provided to Peoples and ODJFS hereunder (including its rollover lien, payments and related relief) shall not be impaired or voided on account of such termination.

5. If any of the Events of Default occur, Peoples and ODJFS will provide written notice of the proposed termination of the provisions of this Order and the termination of the authority of the Debtor to use cash collateral in the following manner ("Notice of Default"):

    a. The Notice of Default shall be provided by U.S. Mail to the following parties:

        LPN Health Care Facility, Inc.
        c/o Michael Johnson
        151 Price Road
        Newark, OH

        U.S. Trustee
        170 North High Street, Suite 200
        Columbus, OH 43215

        Any Chapter 11 trustee appointed by the Court

        Any Chapter 7 trustee appointed by the Court

    b. The Notice of Default will be provided to the following parties by email and by U.S. Mail.

>David M. Whittaker, Esq.
>Bricker & Eckler LLP
>100 South Third Street
>Columbus, OH  43215
>Fax:  (614) 227-2390
>Email:  dwhittaker@bricker.com
>
>Brian D. Shonk, Esq.
>Jeff J. Spangler, Esq.
>Dagger Johnston Miller Ogilvie & Hampson LLP
>144 East Main Street
>Lancaster, OH  43130-3712
>JJSpangler@DaggerLaw.com
>BDShonk@DaggerLaw.com
>
>Brian M. Gianangeli, Esq.
>Law Office of Charles Mifsud
>326 South High Street Annex, Suite 201
>Columbus, OH  43215
>bgianangeli@mifsudlaw.com

    c.  The Notice of Default must also be filed with the Bankruptcy Court and may be filed by the Court's ECF filing system.

6. The provisions of the Order will terminate and the authority of the Debtor to use cash collateral shall also terminate at 5:00 p.m. Eastern Time on the fifth (5th) business day after the date of the Notice of Default unless the Debtor, a Chapter 11 trustee or a Chapter 7 trustee obtains an order from the Court prior to the end of the five-day period extending the provisions of the Order or otherwise authorizing the continuing use of cash collateral.

7. Any interim use of cash collateral by the Debtor or payments made by the Debtor to Peoples or ODJFS during the interim period of the Order are authorized by the Court and shall not be subject to adjustment, alteration or repayment based upon any objection that may be filed to the provisions of the Order.

8. The Debtor does not grant Peoples or ODJFS a security interest in any avoidance actions that may be pursued pursuant to 11 USC § 544, § 547, § 548, § 549 or any other applicable statute or law or in the proceeds from any avoidance action. The Debtor does not waive any claims against Peoples or ODJFS.

9. As required by Local Bankruptcy Rule 4001-2(a)(1), Debtor represents that the request for authority to use cash collateral does not contain any of the provisions listed in subparagraphs B-Q of the Local Rule. The proposed adequate protection does propose to grant cross-collateralization because the Peoples and ODJFS pre-petition debts are to be secured by the granting of a post-petition lien on all post-petition assets, including accounts receivable and proceeds. The proposed adequate protection also contains a roll up provision because the Debtor's post-petition assets will be used to pay the pre-petition obligations owed to Peoples and ODJFS. Local Bankruptcy Rule Form 4001-2 is attached to this Motion as Exhibit A and is incorporated herein by reference.

10. The Debtor requests that the Court enter a preliminary order granting the authority to use cash collateral in an amount not to exceed $321,596.52 during the fifteen (15) days after the entry of the order for the following purposes:

| | Purpose | Estimated Amount |
|---|---|---|
| 1. | December 31, 2009 and January 13, 2010 payroll | $140,000 |
| 2. | Utilities | $ 7,500 |
| 3. | Post-petition vendor obligations | $62,500 |
| 4. | Bed Tax Payment to ODJFS | $111,596.92 |
| | Total | $321,596.52 |

**Note    the payment to Peoples payable on January 22, 2010 will be paid from rents of Sara Johnson**

3521078v1

11. The Debtor further requests that the Court order that Counsel for the Debtor shall mail notice of the entry of the Order granting this Motion within three (3) business days of its entry to all creditors and parties in interest in this case.  The notice shall provide that any creditor or party in interest may object to the provisions of the Order within twenty-one (21) days of the mailing of the notice.  If any timely objection is filed, the Court will schedule a hearing to consider the objection and to consider possible modification of the provisions of the Order.  If no objections are timely filed, the counsel for the Debtor shall file a report with the Court indicating that there have been no timely objections and the provisions of the Order shall become final and the Debtor shall be authorized to use cash collateral and to grant adequate protection as set forth in the Motion.

A memorandum in support of this Motion follows.

                                 Respectfully submitted,

                                 /s/ David M. Whittaker
                                 David M. Whittaker, Esq.(0019307)
                                 Laura M. Zaremski, Esq. (0072636)
                                 Bricker & Eckler LLP
                                 100 South Third Street
                                 Columbus, OH  43215
                                 Phone:  (614) 227-2300
                                 Fax:  (614) 227-2390
                                 Email:  dwhittaker@bricker.com
                                 Email:  lzaremski@bricker.com
                                 *Proposed Attorneys for Debtor-In-Possession*

## MEMORANDUM IN SUPPORT OF MOTION

A.  **JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are 11 U.S.C. 105(a), 361, and 363 of the Bankruptcy Code, Federal Bankruptcy Rules 2002, 4001, and 9014, and Local Bankruptcy Rules 4001-2.

B.  **BACKGROUND**

3. Debtor filed the Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on December 21, 2009. ("Petition Date"). The Debtor operates an 81 skilled bed nursing facility with its principal address at 151 Price Road, Newark, Ohio. The Debtor is operating as a Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. The Debtor provides skilled nursing services and rehabilitation therapies on a 24 hours a day 7 days a week basis, under the orders of attending physicians. Residents are cared for on an inpatient basis only.

5. Michael B. Johnson, the acting director of the Debtor, is a nursing home administrator who is licensed in good standing by the Ohio Department of Health, and has been in the business for approximately 37 years. The Debtor employs 9 registered nurses, 12 licensed practical nurses, 37 state-tested nursing aides, medical billing staff, a social service director, a dietary manager, a recreational activity director, 5 rehabilitation therapists, and several support staff in all areas. The medical records of the residents are kept in the

3521078v1

ordinary course of a nursing facility as required by state and federal law. All medical records are protected under the rules of HIPPA.

6. The Debtor's financial issues arose from lower resident reimbursements leading to lower income and defaults in obligations to creditors. The Debtor has also been unable to maintain a high resident census. These events led to the Debtor's Chapter 11 filing.

7. Prior to the Petition Date, Peoples loaned money to the Debtor pursuant to a Promissory Note, dated November 22, 2005, in the original amount of $1,922,000.00 (the "Promissory Note"). The Promissory Note, security agreement, and any other pre-petition loan documentation between Debtor and Peoples, as further documented, recorded and evidenced by various other agreements, instruments, financial statements and documents entered into in conjunction with the Promissory Note, all as may have been amended, or modified, from time to time, are collectively referred to herein as the "Peoples Agreements."

8. As of the Petition Date, Debtor was in default of certain covenants under the Peoples Agreements, and in accordance with the terms of the Peoples Agreements, it is Debtor's belief that it is indebted to Peoples, and that as of the Petition Date (i) Debtor was liable to Peoples in respect of the loan made pursuant to the Peoples Agreements in the principal amount of $762,277.90 (exclusive of interest and fees accrued and unpaid thereon and other costs and expenses), and certain other unpaid interest, attorneys' fees, other out-of-pocket expenses and costs (collectively " Peoples Indebtedness").

9. Under the Peoples Agreements and as security for repayment of the Peoples Indebtedness, Debtor granted to Peoples security interests in, and liens upon the Debtor's assets, including accounts, equipment, inventory and proceeds thereof, as more fully

3521078v1

described in the Peoples Agreements, (the "Collateral"), including "Cash Collateral" as that term is used in Section 363 of the Bankruptcy Code. Copies of the filed UCC Filing Statement, the Promissory Note to Peoples and the Security Agreement with Peoples will be filed separately prior to the hearing on this Motion. .

10. It is Debtor's belief that Peoples' security interests in and liens on the Collateral were properly perfected and are valid and enforceable liens on and security interest in the Collateral. Peoples is entitled, pursuant to Bankruptcy Code §§ 361, 362 and 363(e), to adequate protection of its interest in the Collateral, the use, sale or lease of the Collateral.

11. The Debtor further believes that the Peoples Indebtedness is guaranteed by Russell Johnson (deceased) and Sara Johnson and that the Peoples Indebtedness is also secured by a mortgage on real property owned by the Russell Johnson Probate Estate and/or Sara Johnson and by an Assignment of Rents on the real property. Although the real property and the rents are not property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. Section 541, these assets are and continue to be a part of the adequate protection for the Peoples Indebtedness.

12. It is the Debtor's belief that prior to the Petition Date, the Debtor owed an undetermined amount for franchise fees and alleged Medicaid overpayments to ODJFS.

13. Further, ODJFS takes the position that certain provider payments yet to be received by the Debtor as of the date of the filing of this motion will be Cash Collateral subject to setoff and recoupment ("ODJFS Obligation"). ODJFS further takes the position that pursuant to statute, it has a valid and existing lien on the provider payments that will be Cash Collateral of the Debtor and pursuant to Bankruptcy Code §§ 361, 362 and 363(e),

is entitled to adequate protection of its interest in Cash Collateral and the use, sale or lease of its collateral.

14. Debtor has filed this Chapter 11 proceeding in order to preserve the ongoing value of assets, continue business operations and seek an orderly liquidation of its assets.

**C.** **BASIS FOR RELIEF**

15. The Debtor is seeking authority from this Court in accordance with 11 U.S.C. §363(c)(2)(B), to use pre-petition accounts receivable and cash on hand from the Debtor's business operations as well as any post-petition accounts receivable and proceeds that are created by the operation of the business of the Debtor, as well as the proceeds of any other of assets that constitutes Cash Collateral as that term is defined under the Bankruptcy Code. The Debtor seeks to use Cash Collateral to maintain business operations and to protect the value of its assets and/or to seek an orderly liquidation under Chapter 11 of the United States Code.

16. For the reasons expressed in this Motion and Memorandum, the Debtor will suffer irreparable harm if not authorized to use Cash Collateral on an interim basis. The Debtor will soon owe its employees two (2) payrolls and it is absolutely vital that these wages be paid if the Debtor is to continue to operate. It is equally vital that the Debtor be able to pay certain utilities and vendor obligations in order to continue to operate and to serve the needs of the Debtor's patients.

17. It is also important for the Debtor to be able to use Cash Collateral on an ongoing basis in order to stabilize the Debtor's business circumstances, pay its operating obligations, pay adequate protection payments and protect the interests of its patients. This will enable the

Debtor to properly review its options for the possible sale of the Debtor's assets and/or for reorganization.

18. The Debtor has also demonstrated that the proposed adequate protection to be granted to Peoples and ODJFS is adequate and appropriate under the circumstances.

Wherefore, Debtor respectfully requests this Court to grant the Motion and grant such other relief as the Court may deem appropriate.

    Respectfully Submitted,

    /s/ David M. Whittaker
    David M. Whittaker, Esq. (0019307)
    Laura M. Zaremski, Esq.(0072636)
    Bricker & Eckler LLP
    100 South Third Street
    Columbus, OH  43215
    Phone:  (614) 227-2300
    Fax:  (614) 227-2390
    Email:  dwhittaker@bricker.com
    Email:  lzaremski@bricker.com
    *Proposed Attorneys for Debtor-In-Possession*


**NOTICE OF MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR THE ENTRY OF AGREED ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL ON AN INTERIM BASIS, (II) AUTHORIZING CONTINUED USE OF CASH COLLATERAL AND (III) GRANTING ADEQUATE PROTECTION WITH RESPECT THERETO**

Notice is hereby given that Debtor has filed papers with the Court to enter an Agreed Order (I) authorizing the use of cash collateral on an interim basis, (II) authorizing continued use of cash collateral, and (III) granting adequate protection with respect thereto.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**The Debtor filed a Motion for an Expedited Hearing on the Debtor's and Debtor-in-Possession Motion for entry of an Agreed Order (I) Authorizing the Use of Cash Collateral on an Interim Basis, (II) Authorizing Continued Use of Cash Collateral, and (III) Granting Adequate Protection with Respect Thereto.  If the Court grants the Debtor' Motion for an**

3521078v1

**Expedited Hearing, you will need to appear at the hearing that will be set on a separate Notice Scheduling Expedited Hearing.  If the Court does not grant the Debtor' Motion for an Expedited Hearing, you will have twenty one (21) days from the date of filing this Motion to file an objection.**  If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then <u>on or before 21 days from the date of the mailing of this Notice</u>, you or your attorney must:

      File with the Court a written request for hearing and an objection to the Motion stating therein the basis for your objection. This pleading must be filed with the <u>Clerk of Courts, United States Bankruptcy Court, 170 N. High Street, Columbus, Ohio 43215</u> or may be filed by using the Court's ECF system.

      If you mail your objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

      You must also mail a copy to or serve a copy by ECF on:

David M. Whittaker, Esq.
Laura M. Zaremski, Esq.
100 S. Third Street
Columbus, OH  43215

LPN Health Care Facility, Inc.
c/o Michael Johnson
151 Price Road
Newark, OH

Office of the U.S. Trustee
170 North High Street
Columbus, OH  43215

      If you or your attorney does not take these steps, the Court may decide that you do not oppose the Motion and may enter an order granting the Motion without further notice.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing Motion for an Order to use cash collateral was served on the following parties in the manner indicated on January 6, 2010.

                        /s/ David M. Whittaker
                        David M. Whittaker, Esq. (0019307)
                        Proposed Attorney for Debtor-In-Possession

Via ordinary U.S. Mail, postage prepaid, and electronic service at the addresses registered with the Court:

Pamela Arndt Rice
Office of the United States Trustee
170 North High Street, Suite 200
Columbus, OH 43215

Via ordinary U.S. Mail, postage prepaid, to the following:

Brian D. Shonk, Esq.
Jeff J. Spangler, Esq.
Dagger Johnston Miller
Ogilvie & Hampson LLP
144 East Main Street
Lancaster, OH 43130-3712

Brian M. Gianangeli, Esq.
Law Office of Charles Mifsud
326 S. High Street Annex, Ste. 201
Columbus, OH 43215

LPN Healthcare Facility Inc.
151 Price Road
Newark, OH 43055

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, Fl 33131

A. Terrance Treneff, Esq.
Morrow Gordon & Byrd Ltd.
PO Box 4190
Newark, OH 43058-4190

Alliance Rehab
1520 Kensington Rd.
Oak Brook, IL 60523

Amateur Sports Promotion
PO Box 712
Quincy, IL 62306

American Electric Power
PO Box 24002
Canton, OH 44701-4002

American Health Care Supply
PO Box 94150
Palatine, IL 60094-4150

Assurant Health
9075 Centre Pointe Drive
West Chester, OH 45069

Avalon Foodservice
PO Box 536
Canal Fulton, OH 44614-0536

Bethany Hamilton, Esq.
Assistant US Attorney
303 Marconi Blvd., Suite 200
Columbus, OH 43215

Big O Refuse
229 Dayton Rd.
Newark, OH 43055

Carmen's Distribution Systems
4585 Poth Rd.
Columbus, OH 43213-1327

Central Ohio Geriatrics
PO Box 378
Granville, OH 43023

Courtesy Ambulance Inc.
59 South Terrace Ave.
Newark, OH 43055

Dave's Electric
1092 East Main Street
Newark, OH 43055

EcoLab Food Safety
24198 Network Place
Chicago, IL 60673-1241

EcoLab Inc.
PO Box 905327
Charlotte, NC 28290-5327

Enformix
222 South 1st St.
Rogers, AR 72756

General Electric Capital Corporation
3135 Easton Turnpike
Fairfield, CT 06828

Gentry Fire Protection
3540 Parkway Lane
Hilliard, OH 43026

Grainger
Dept. 872331798
Palatine, IL 60038

Gutridge Plumbing
88 South 2nd St.
Newark, OH 43055

HD Supply
PO Box 509058
San Diego, CA 92150

HP Products
PO Box 68310
Indianapolis, IN 46268

Houston Plumbing & Heating Inc.
724 Montgomery Rd. NE
Newark, OH 43055

ICP Inc.
1815 West County Road 54
Tiffin, OH 44883

IVANS
PO Box 850001
Orlando, FL 32885-0033

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia PA 19114

Internal Revenue Service
Insolvencies
PO Box 21126
Philadelphia, PA 19114

James R. Gucker Esq.
31 South Washington Street
Tiffin, OH 44883

Joseph T. Chapman Esq.
Senior Assistant Attorney General
Collections Enforcement
150 East Gay St. 21st Floor
Columbus, OH 43215

Kilbourne Medical Laboratory
665 Ohio Pike
Cincinnati, OH 45245

Land & Wheels
C/O Darlene Cohen
7811 North 86th Street
Milwaukee, WI 53224-3431

Local Insight Yellow Pages
100 Executive Parkway
Hudson, OH 44236

Luikart Heating & Plumbing
358 Wilson Street
Newark, OH 43055

MedCorp. EMS South LLC
PO Box 76612
Cleveland, OH 44101-6500

3521078v1

MedCorp. Education & Training Center
2555 Arlington Ave.
Toledo, OH 43614

MedaSTAT
1920 Stanely Gault Parkway
Louisville, KY 40223

MediMizer
72 Commerce Drive
Batesville, IN 47006

Medline
Box 382075
Pittsburgh, PA 15251-8075

Michael B. Johnson Sr.
151 Price Road
Newark, OH 43055

Mobile X USA
920 Ridgebrook Road
Sparks Glencoe, MD 21152-9320

Northside Home Infusion
21 Mayesville Ave.
Zanesville, OH 43701

Northside Pharmacy
19 Mayesville Ave.
Zanesville, OH 43701

OFSI
13824 Collections Center Dr.
Chicago, IL 60693

Oce Imagistics
PO Box 856193
Louisville, KY 40285-6193

Ohio Bureau of Workers Compensation
Attn Law Section Bankruptcy Unit
P.O. Box 15567
Columbus, OH 43215

Ohio Department of Aging
LTC Ombudsman Program
50 West Broad Street
Columbus, OH 43215

Ohio Department of Job and Family Serv.
Attn Collection Department
PO Box 923
Columbus, OH 43216

Ohio Department of Taxation
Attn Bankruptcy Division
PO Box 530
Columbus, OH 43266-0030

Ohio Health Consortium
620 Country Club Drive
Newark, OH 43055

Paisley's Rental Inc.
68 Union Street
Newark, OH 43055

Peoples Bank National Association
117 West Wheeling Street
Lancaster, OH 43130

Pitney Bowed Credit Corporation
PO Box 856042
Louisville, KY 40285-6042

Protection One
PO Box 5714
Carol Stream, IL 60197

Quench USA
PO Box 644006
Cincinnati, OH 45264-4006

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Rehab Right
PO Box 373
Gambier, OH 43022-0373

Sara Johnson
151 Price Road
Newark, OH 43055

Securities Exchange
175 W Jackson Blvd #900
Chicago IL 60604

Spooner
28605 Ranney
Westlake, OH 44145

State Industrial Products
PO Box 74189
Cleveland, OH 44194

Stericycle Inc.
PO Box 9001588
Louisville, KY 40290-1588

Swift Maintenance Products
PO Box 451155
Fort Lauderdale, FL 33345

TheraTrust Inc.
156 West Church Street
Newark, OH 43055

Time Warner Cable Media Sales
13195 Collections Center Drive
Chicago, IL 60693

US Attorney
303 Marconi Blvd
Columbus OH 43215

WalMart Business
PO Box 530932
Department 87
Atlanta, GA 30353-0932

Windstream
PO Box 9001908
Louisville, KY 40290-1908

# EXHIBIT A

## __LBR Form 4001–2__

**Cash Collateral / Postpetition Financing Provisions**

The Debtor, through a separately filed motion, agreed order or stipulation has requested the approval of the use of cash collateral, which contains the following provisions:

| Page No. | Line No. (If Applicable) | Description of Provision |
|---|---|---|
| ☐ _____ | _____ | **(A)** Provisions providing for adequate protection or priority for a claim that arose before the commencement of the case, including: |
| ☒ __2__ | __Para. 2a__ | **(i)** Cross-collateralization clauses (i.e., clauses that secure the repayment of prepetition debt with postpetition assets in which the secured creditor would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law); or |
| ☒ __2__ | __Para. 2a__ | **(ii)** Roll-up clauses (i.e., clauses that provide for the use of property of the estate or the proceeds of a postpetition loan to make cash payments on prepetition debt). |
| ☐ _____ | _____ | **(B)** Provisions or findings of fact that release, waive, or limit any claim or other cause of action belonging to the estate or the trustee, including but not limited to: |
| ☐ _____ | _____ | **(i)** the release, waiver, or limitation of claims or other causes of action against any secured creditor without first giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if appointed, at least 60 days from the date of its appointment to investigate such matters.; |
| ☐ _____ | _____ | **(ii)** the release, waiver, or limitation of claims or other causes of action against any secured creditor for alleged prepetition torts or breaches of contract; |
| ☐ _____ | _____ | **(iii)** the waiver of avoidance actions under the Code; or |
| ☐ _____ | _____ | **(iv)** any modification of the statute of limitations or other deadline to commence an action. |
| ☐ _____ | _____ | **(C)** Provisions or findings of fact that determine the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim. |
| ☐ _____ | _____ | **(D)** Provisions that grant a lien on property of the estate that is not otherwise subject to a lien, grant a junior lien on property of the estate that is subject to a lien, or create a lien senior or equal to any existing lien without the consent of that lienholder. |
| ☐ _____ | _____ | **(E)** Provisions that release, waive, or limit any right under § 506(c) of the Code. |

3519149v1

☐ _____  _____ **(F)** Provisions that grant a lien on any claim or causes of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a) of the Code.

☐ _____  _____ **(G)** Provisions that provide disparate treatment with regard to professional fee carveouts for the professionals retained by a creditors' committee from that provided for the professionals retained by the debtor.

☐ _____  _____ **(H)** Provisions that prime administrative expenses of the kind specified in §§ 503(b) or 507(a) of the Code.

☐ _____  _____ **(I)** Provisions that waive or modify any entity's authority or right to file a plan or seek an extension of time in which the debtor has the exclusive right to file a plan or otherwise operate to divest the debtor of any discretion in the administration of the estate or limit access to the court to seek any relief under other applicable provisions of law.

☐ _____  _____ **(J)** Provisions that establish deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or entry of a confirmation order.

☐ _____  _____ **(K)** Provisions providing for the indemnification of any entity.

☐ _____  _____ **(L)** Provisions waiving or modifying provisions of the Code or applicable rules relating to the automatic stay.

☐ _____  _____ **(M)** Provisions that waive or modify the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien.

☐ _____  _____ **(N)** Provisions that waive or modify the debtor's right to move for a court order pursuant to § 363(c)(2)(B) of the Code authorizing the use of cash collateral or § 364 of the Code to obtain credit.

☐ _____  _____ **(O)** Provisions that grant a lien in an amount in excess of the dollar amount of cash collateral authorized under the applicable cash collateral order.

☐ _____  _____ **(P)** Findings of fact on matters extraneous to the approval process.

☐ _____  _____ **(Q)** Provisions that bar the debtor from future bankruptcy filings.